**Motion Denied; Petition for Writ of Mandamus Denied and Memorandum Opinion filed September 4, 2024.**



**In The**

# Fourteenth Court of Appeals

---

**NO. 14-24-00635-CV**

---

### IN RE TAYLOR MOSS AND TCM TRUST, Relators

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**Probate Court No. 1**
**Harris County, Texas**
**Trial Court Cause No. 484673**

---

## MEMORANDUM OPINION

On September 3, 2024, relators Taylor Moss and TCM Trust filed a petition for writ of mandamus and an emergency motion for temporary relief in this Court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52.  In the petition, relators ask this Court to compel the Honorable Jerry W. Simoneaux, presiding

judge of the Probate Court No. 1 of Harris County, to (1) vacate the trial court's August 27, 2024 order compelling post-judgment discovery production; (2) declare void the subpoena duces tecum served by real parties in interest on August 29, 2024; and (3) cancel the September 10, 2024 show cause hearing. Additionally, relators request this Court to compel the Harris County Clerk of Court to accept the filing of relators' cash bonds.[1]

Relators have not established that they are entitled to mandamus relief. Accordingly, we deny relators' petition for writ of mandamus. We further deny relators' emergency motion for temporary relief.

PER CURIAM

Panel consists of Justices Wise, Hassan, and Poissant.

---

[1] This court's power to issue writs is defined in section 22.221 of the Texas Government Code. Section 22.221 grants the court of appeals the authority to issue (1) writs of mandamus and other writs necessary to enforce their jurisdiction; (2) writs of mandamus against a judge of a district or county court in the court of appeals district; and (3) writs of habeas corpus under specifically defined circumstances involving contempt orders in civil cases. See Tex. Gov't Code § 22.221. We are not authorized to issue writs of mandamus against clerks of court, and relators have not claimed or shown that the relief requested is necessary to enforce the jurisdiction of our court. *See In re Bunton*, No. 14-07-00651-CV, 2007 WL 2301413, at *1 (Tex. App.—Houston [14th Dist.] Aug. 14, 2007, orig. proceeding) (mem. op.) (per curiam).